PER CURIAM.
The Probate Rules Committee of the Florida Bar has submitted its quadrennial report of proposed changes to the Florida Probate Rules. We have jurisdiction. See art. V, § 2(a), Fla. Const. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed changes were submitted to the Board of Governors of The Florida Bar for its recommendation. After approval by the Board, the proposed changes were published, but no comments were filed.
We have reviewed the proposed amendments and approve them as submitted and set forth in the appendix to this opinion. The new language is indicated by underscoring; deletions are indicated by strike-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2001. See Fla. R. Jud. Admin. 2.130(c)(5).
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
APPENDIX
Rule 5.015. General Definitions
(a) General. The definitions and rules of construction stated or referred to in section 1.01, Florida Statutes, and Chapters 731, 732, 733, 734, 735, 737, 738, and 744, Florida Statutes, as amended from time to time, shall apply to these rules, unless otherwise defined in these rules.
(b) Specific Definitions. When used in these rules
(1)“certified copy” means a copy of a document signed and verified as a true copy by the officer to whose custody the original is entrusted;
(2) “formal notice” means notice un-5.550(e); provided m rule
(3) “informal notice” means notice under rule 5.040(b);
(4) “judge” means a judge of the circuit court, including any judge elected, appointed, substituted, or assigned to serve as judge of the court.
Committee Notes

Rule History

1977 Revision: No change in rule. Correction of typographical error in committee note.
This is intended to simplify drafting of these rules and should be liberally construed. See Fla. Prob. R. 5.190 and 5.540 and also §§ 731.201 and 744.102, Fla. Stat.
1988 Revision: Rule was expanded due to deletion of rule 5.190. Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Citation form changes in rule and committee notes.
2000 Revision: Subdivision (b)(2) amended to delete outdated reference to rule 5.550(c).

Statutory References

§ 1.01, Fla. Stat. Definitions.
§ 731.201, Fla. Stat. General definitions.
§ 744.102, Fla. Stat. Definitions.
Rule 5.040. Notice
(a) Formal Notice.
(1) When formal notice is given, a copy of the pleading or motion shall be served on interested persons, together with a notice requiring the person served to serve written defenses on the person giving notice within 20 days after service of the notice, exclusive of the day of service, and to file the original of the written defenses with the clerk of the court either before service or immediately thereafter, and notifying the person served that failure to serve written defenses as required *274 may result in a judgment or order for the relief demanded in the pleading or motion, without further notice.
(2) After service of formal notice, informal notice of any hearing on the pleading or motion shall be served on interested persons, provided that if no written defense is served within 20 days after service of formal notice on an interested person, the pleading or motion may be considered ex parte as to that person, unless the court orders otherwise.
(3) Formal notice shall be served:
(A)by sending a copy by any commercial delivery service requiring a signed receipt approved by the chief judge of the judicial circuit in which the proceeding is pending or by any form of mail requiring a signed receipt as follows:
(i) onto the attorney representing an interested person — represented- by -an attorney by mailing-or delivering-a copy to fee-attorney; or
(ii) onto an interested person who has filed a demandrequest for notice fey mailing-or delivering-a- copy^-fcoat the address given in the demandrequest for notice; or
fiv)(iii) onto an incapacitated person by mailing or delivering -a^copy to the person’s usual place of abode and to the person’s legal guardian, if any, at the guardian’s usual place of abode or regular place of business; or, if there is no legal guardian, by mailing or delivering a copy to the incapacitated person at the person’s usual place of abode and toon the person, if any, having care or custody of the incapacitated person at the usual place of abode or regular place of business of such custodian; or
(iüXiv) on aaany other individual? other than an incapacitatecb-person, by mailing or delivering a copy to the individual’s usual place of abode or to the place where the individual regularly conducts business; or
(v) on a corporation or other business entity by mailing or delivering- a eopy-to its registered office in Florida or its principal business office in Florida or, if neither is known after reasonable inquiry, to its last known address; or
(B) as provided in the Florida Rules of Civil Procedure for service of process; or
(C) as otherwise provided by Florida law for service of process.
(4) Service of formal notice pursuant to subdivision (3)(A) shall be complete on receipt of the notice. Proof of service shall be by verified statement of the person giving the notice; and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee’s agent.
(5) If service of process is made pursuant to Florida law, proof of service shall be made as provided therein.
(b) Informal Notice. When informal notice of a petition or other proceeding is required or permitted, it shall be served as provided in rule 5.041(b).
(c) “Notice” Defined. In these rules, the Florida Probate Code, and the Florida Guardianship Law “notice” shall mean informal notice unless formal notice is specified.
(d) Formal Notice Optional. Formal notice may be given in lieu of informal notice at the option of the person giving notice unless the court orders otherwise. When formal notice is given in lieu of informal notice, formal notice shall be given to all interested persons entitled to notice.
Committee Notes
Formal notice is the method of service 'used in probate proceedings and the method of service of process for obtaining jurisdiction over the person receiving the notice.
Informal notice is the method of service of notice given to interested persons enti- *275 tied to notice when formal notice is not given or required.
Reference in this rule to the terms “mail” or “mailing” refers to use of the United States Postal Service.

Rule History

1975 Revision: Implements section 731.301, Florida Statutes.
1977 Revision: Reference to elisor.
1980 Revision: Editorial changes. Clarification of time for filing defenses after formal notice. Authorizes court to give relief to delinquent respondent from ex parte status; relief from service on numerous persons; allows optional use of formal notice.
1984 Revision: Editorial changes. Eliminates deadline for filing as opposed to serving defenses after formal notice; defines procedure subsequent to service of defenses after formal notice; new requirements for service of formal notice on incompetents and corporations; defines when service of formal notice is deemed complete; provisions relating to method of service of informal notice transferred to new rules 5.041 and 5.042; eliminates waiver of notice by will.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1991 Revision: Subdivision (b) amended to define informal notice more clearly.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (a) amended to permit service of formal notice by commercial delivery service to conform to 1993 amendment to section 731.301(1), Florida Statutes. Editorial changes.
2000 Revision: Editorial changes in subdivision (a)(3)(A) to clarify requirements for service of formal notice.

Statutory References

§ 1.01(3), Fla. Stat. Definitions.
Ch. 48, Fla. Stat. Process and service of process.
Ch. 49, Fla. Stat. Constructive service of process.
§ 731.105, Fla. Stat. In rem proceeding.
§ 731.201(16), (20), Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice; method and time; proof.
§ 733.203, Fla. Stat. Notice; when required.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.502, Fla. Stat. Resignation of personal representative.
§ 733.613, Fla. Stat. Personal representative’s right to sell real property.
§ 733.6175, Fla. Stat. Proceedings for review of employment of agents and compensation of personal representatives and employees of estate.
§ 733.901, Fla. Stat. Distribution; final discharge.
§ 744.106, Fla. Stat. Notice.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.441, Fla. Stat. Powers of guardian upon court approval.
§ 744.447, Fla. Stat. Petition for authorization to act.
§ 744.477, Fla. Stat. Proceedings for removal of a guardian.

Rule References

Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.041 Service of pleadings and papers.
*276 Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.060 Request for notices and copies of pleadings.
Fla. Prob. R. 5.180 Waiver and consent.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Jud. Admin. 2.060 Attorneys.
Fla. R. Civ. P. 1.070 Process.
Fla. R. Civ. P. Form 1.902 Summons.
Rule 5.041. Service of Pleadings and Papers
(a) Service; When Required. Unless the court orders otherwise, every petition or motion for an order determining rights of an interested person, and every other pleading or paper filed in the particular proceeding which is the subject matter of such petition or motion, except applications for witness subpoenas, shall be served on interested persons unless these rules, the Florida Probate Code, or the Florida Guardianship Law provides otherwise. No service need be made on interested persons against whom a default has been entered, or against whom the matter may otherwise proceed ex parte, unless a new or additional right or demand is asserted.
(b) Service; How Made. When service is required or permitted to be made faa-a particular proceeding-in the-administration of an-estate on an interested person represented by an attorney, service shall be made on the attorney unless service on the interested person is ordered by the court. Except when serving formal notice, service shall be made by mail-facsimile, or deliver^-ofdelivering or mailing a copy of the motion, pleading, or other paper to the attorney or interested person at the last known address or, if no address is known, by sending it toleaving it with the clerk of the court. Service by facsimile shall-be made by sending a-copy of the motion, pleading, or-other paper served with- a cover-sheet containing-the- sender’s same) firm-name, if any, address, telephone mum-berr-facsimile -number-;.and number--of pages transmitted. When service is made by facsimile, a copy-shail-also be-mailed-or-de-Iivered-..Facsimile service occurs when transmission is ■complete.mail shall be complete upon mailing except where serving formal notice. Delivery of a copy within this rule shall be complete upon:
(1) handing it to the attorney or to the interested person; or
(2) leaving it at the attorney’s or interested person’s office with thea clerk or other person in charge thereof; or
(3) if there is no one in charge, leaving it in a conspicuous place therein; or
(4) if the office is closed or the person to be served has no office, leaving it at the person’s usual place of abode with some person of tfaehis or her family above 15 years of age and informing that person of the contents^ or
(5) Serviee-by delivery or — facsimile received-after 4:00 p.m. shall be-deemed-to have been made on the next day 4hat is net a- Saturday, Sunday,- or-legal holidaytran-smitting it by facsimile to the attorney’s or interested person’s office with a cover sheet containing the sender’s name, firm, address, telephone number, facsimile number, and the number of pages transmitted. When delivery is made by facsimile, a copy shall also be served by any other method permitted by this rule. Facsimile delivery occurs when transmission is complete.
(6) -Service-by mail shall-be-complete on- mailing except where serving formal notice.
Service by delivery after 4:00 p.m. shall be deemed to have been made on the next day that is not a Saturday, Sunday, or legal holiday.
(c)Service; Numerous Interested Persons. In proceedings when the interested persons are unusually numerous, the court may regulate the service contemplated by these rules on motion or on its initiative in a manner as may be found to be just and reasonable.
*277 (d) Filing. All original papers shall be filed either before service or immediately thereafter. If the original of any bond or other paper is not placed in the court file, a certified copy shall be so placed by the clerk.
(e) Filing With the' Court Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit the papers to be filed with the judge in which event the judge shall note thereon the filing date and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(f) Certificate of Service. When any attorney shall certify in substance:
“I certify that a copy hereof has been furnished to (here insert name or names) by (delivery) (mail) (fax) this —= day of-_, 19_^on (date). _Attorney”
the certificate shall be taken as prima facie proof of service in compliance with these rules except in case of formal notice. A person not represented by an attorney shall certify in the same manner, but the certificate must be verified.
(g) Service of Orders.
(1) A copy of all orders or judgments determining rights of an interested person shall be transmitted by the court or under its direction at the time of entry of the order or judgment to all interested persons in the particular proceeding.
(2) This subdivision (g) is directory, and a failure to comply with it does not affect the order or judgment or its finality.
Committee Notes
Derived from Florida Rule of Civil Procedure 1.080. Regulates the service of pleadings and papers in proceedings on petitions or motions for determination of lights. It is not applicable to every pleading and paper served or filed in the administration of a guardianship or decedent’s estate.

Rule History

1984 Revision: New rule. Subdivision (c) is same as former rule 5.040(d).
1988 Revision: Committee notes revised. Citation form changes in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
1996 Revision: Subdivision (b) amended to allow service to be made by facsimile. Committee notes revised.
2000 Revision: Subdivision (b) amended to clarify requirements for service of pleadings and papers. Subdivision (e) amended to clarify date of filing. Editorial changes in subdivision (f).

Statutory References

§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice; method and time; proof.
§ 733.203, Fla. Stat. Notice; when required.
§ 733.212, Fla. Stat. Notice of administration; filing of objections and claims.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.604(2), Fla. Stat. Inventory.
§ 733.705(2), (3), Fla. Stat. Payment of and objection to claims.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla. Stat. Petition for authorization to act.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
*278 Fla. Prob. R. 5.025 Adversary proceedings.
Fla. Prob. R. 5.030 Attorneys.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.042 Time.
Fla. Prob. R. 5.150(c) Order requiring accounting.
Fla. Prob. R. 5.180(a)(3) Waiver and consent.
Fla. Prob. R. 5.240(a) Notice of administration.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. R. Civ. P. 1.080 Service of pleadings and papers.
Fla. R. Jud. Admin. 2.060 Attorneys.
Rule 5.065. Notice of Civil Action or Ancillary Administration
(a) Civil Action, personal representative and a guardian shall file a notice when a civil action has been instituted by or against the personal representative or the guardian. The notice shall contain:
(1) the names of the parties;
(2) the style of the court and the case number;
(3) the county and state where the proceeding is pending;
(4) the date of commencement of the proceeding; and
(5) a brief statement of the nature of the proceeding.
(b) Ancillary Administration. The domiciliary personal representative shall file a notice when an ancillary administration has commenced, which notice shall contain:
(1) the name and residence address of the ancillary personal representative; and
(2) the nature and approximate -value of the-ancillary assets; and
(3)the information required in subdivisions (a)(2), (3), and (4) above.
(c) Copies Exhibited. A copy of the initial pleading may be attached to the notice. To the extent an attached initial pleading states the required information, the notice need not restate it.
Committee Notes
This rule reflects a procedural requirement not founded on a statute or rule. Rule History
1984 Revision: New rule.
1988 Revision: Committee notes expanded.
1992 Revision: Editorial change. Citation form changes in committee notes.
2000 Revision: Subdivision (b) amended to eliminate requirement to set forth nature and value of ancillary assets.

Statutory References

§ 733.612(20), Fla. Stat. Transactions authorized for the personal representative; exceptions.
§ 744.441(11), Fla. Stat. Powers of guardian upon court approval.
Rule 5.100. Right of Appeal
■All orders and judgments of-the court that finally determine a right or-obligation of an interested-person-may be appealed as- provided by ■Florida -Rule' of-Appellate ■Procedure 9.110(a)(2).Appeal of final orders and discretionary appellate review of non-final orders are governed by the Florida Rules of Appellate Procedure.
Committee Notes
An order that-determines ■ rights of-a party-may-be appealed before--the-admini-s-tration of--the estate is- completed- ■■ (e.g^ determination of-the validity of a-willror of the rights of a person to- partieipate-as an ■heir in an-estate^is a final- determination^ The rule defines -final-orders and judgments” of the probate court that ultimately determine rights- of a party- in the estate. Th-is-rule-is- substantially the same as former-section- 732-15, Florida Statutes (repealed 1-9-74) except that-by rearrangement *279 of that statute the-word “finally” has been defined. For purposes of appellate review, the service of a motion for rehearing postpones rendition of final orders only. A motion for rehearing of a non-final order does not toll the running of the time to seek review of that order.
Court Commentary
The Court’s — Í996 amendment -of rule 5.100 -renders the Committee Note inapplicable. — Appeals-of probate and guardianship-orders are-now governed by Florida Rule -of Appellate Procedure 9,110(a)(2-).-

Rule History

1975 Revision: Same as prior rule 5.100 with editorial changes.
1977 Revision: Citation form change in committee note.
1988 Revision: Committee notes expanded. Citation form changes in rule and committee notes.
1992 Revision: Editorial changes. Citation form changes in committee notes.
1996 Revision: Superseded by Florida Rule of Appellate Procedure 9.110(a)(2).
2000 Revision: Rewritten because former rule was superseded. Revisions to committee notes to amend text and to include cross-references to other rules.

Rule References

Fla. Prob. R. 5.020(d) Pleadings; verifications; motions.
Fla. R.App. P. 9.020(h) Definitions.
Fla. R.App. P. 9.110(a)(2), (b) Appeal proceedings to review final orders of lower tribunals and orders granting new trial in jury and non-jury cases.
Fla. R.App. P. 9.180(b) Proceedings to review non-final orders.
Rule 5.110. Resident — Agent Address Designation for Personal Representative or Guardian; Designation of Resident Agent and Acceptance
(a) Requirement and Form. Before letters-are issued to a personal representar tiveor-a- guardian» the personal-representative or guardian shall file a designation of place of residence-,-post office-addressr and the name, place-of- residence, and post office address of--a-resident in the county where proceedings-are pending, as the personal — representative’s—or—guardian’s agent-fer-the service of process or notice. The written acceptance of-the person appointed shall be filed-at the time-of filing the ■ designation- — The designation- by the personal -representative or- guardian-and-acceptance by resident -agent shall constitute the-consentof-the personal representative or guardian filing it that-service of process-or notice-on the designated agent shall be sufficient to bind the.personal representative or.guardian in any action against the personal representative — or guardian, either in a representative capacity, -or — personally, if the personal action-accrued in the administration of the estate or guardianship. — The designation- and acceptance-may be incorporated in the petition for administration or for appointment of guardian if signed- by the prospective personal representative or guardian, or-in the personal representative’s or guardian’s oath?
(b) Corporate-Fiduciaries. — Corporate fiduciaries are not required to designate a resident-agent,
(c) Attorneys. A-member-of The Florida Bar'-residing in Florida, other than the personal-representative, may be designated as-tfae agent for — service of process or notice, whether or not the attorney is-a resident of the county where the proceedings are pending.
(d) Successor. If the resident agent dies-,-resigns, or is unable to act' for any other reason, the- personal representative or guardian shall -appoint a successor agent within 10 days after receiving notice that such-event-has occurred.-
(a) Address Designation of Personal Representative or Guardian. Before letters are issued, the personal representative or guardian shall file a designation of *280 its residence street address and mailing address.
(b) Designation of Resident Agent. Before letters are issued, a personal representative or guardian shall file a designation of resident agent for service of process or notice, and the acceptance by the resident agent. A designation of resident agent is not required if a personal representative or guardian is (1) a corporate fiduciary having an office in Florida, or (2) a Florida Bar member who is a resident of and has an office in Florida. The designation shall contain the name, residence street address, and mailing address of the resident agent. A Florida office street address and mailing address for the attorney as resident agent may be designated in lieu of a residence address.
(c) Residency Requirement. A resident agent, other than a member of The Florida Bar who is a resident of Florida, must be a resident of the county where the proceedings are pending.
(d) Acceptance by Resident Agent. The resident agent shall sign a written acceptance of its designation.
(e) Incorporation in Other Pleadings. The designation of the address of the personal representative or guardian, the designation of resident agent, or acceptance may be incorporated in the petition for administration, the petition for appointment of guardian, or the personal representative’s or guardian’s oath.
(f) Effect of Designation and Acceptance. The designation of and acceptance by the resident agent shall constitute consent to service of process or notice on the agent and shall be sufficient to bind the personal representative or guardian:
(1) in its representative capacity in any action; and
(2) in its personal capacity only in those actions in which the personal representative or guardian is sued personally for claims arising from the administration of the estate or guardianship.
(g) Successor Agent. If the resident agent dies, resigns, or is unable to act for any other reason, the personal representative or guardian shall appoint a successor agent within 10 days after receiving notice that such event has occurred.
Committee Notes

Rule History

1977 Revision: Change in committee note to conform to statutory renumbering.
Substantially the same as prior rule 5.210, except that under prior rule, designation was required to be filed within 10 days after letters issued.
1984 Revision: Captions added to subdivisions. New subdivision (b) added. Requires filing acceptance at the same time as filing designation. Committee notes revised.
1988 Revision: Change in (c) to clarify that the personal representative, if a member of The Florida Bar, may not also serve as resident agent for service of process or notice. Citation form change in committee notes.
1992 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes.
2000 Revision: Extensive editorial changes to rule. Rule reformatted for clarity and revised to permit an attorney serving as resident agent to designate a business address in lieu of a residence address.

Statutory Reference

§ 733.401(l)(d), Fla. Stat. Issuance of letters.
Rule 5.555. Guardianships of Minors
(a) Application. This rule shall apply to any guardianship for a minor.
(b) Petition to Determine Incapacity. No petition to determine incapacity need be filed.
*281 (c) Petition for Appointment of Guardian. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) the name, age, social security number, and residence and post office address of the minor;
(4) the names and addresses of the parents of the minor and if none, the next of kin known to the petitioner;
(5) the name, social--security-er tax identification-number- and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve; or, that a willing and qualified guardian has not been located;
(6) the proposed guardian’s relationship to and any previous association with the minor;
(7) the reasons why the proposed guardian should be appointed; and
(8) the nature and value of the property subject to the guardianship.
(d) Notice. Formal notice of the petition for appointment of guardian shall be served on any parent who is not a petitioner or, if there is no parent, on the persons with whom the minor resides and on such other persons as the court may direct.
(e) Initial and Annual Guardianship Reports.
(1)The initial guardianship report shall consist only of the verified inventory. The annual guardianship report shall consist only of the annual accounting.
(2) Unless otherwise ordered by the court, the guardian need not file an initial or annual guardianship plan.
(3) Unless otherwise ordered by the court, the guardian need not serve a copy of the initial guardianship report and the annual guardianship reports on the ward if the ward is under the age of 14 years.
(f)Inspection of Inventory or Accounting. Unless otherwise ordered by the court for good cause shown, any inventory, amended or supplementary inventory, or accounting is subject to inspection only by the clerk, the ward or the ward’s attorney, and the guardian or the guardian’s attorney.
Committee Notes
The provisions of chapter 744, Florida Statutes, and the guardianship rules enacted in 1989 leave some uncertainty with respect to the procedural requirements in guardianships for minors who are not incapacitated persons. This rule is intended to address only certain procedures with respect to the establishment and administration of guardianships over minors. The committee believes that certain provisions of the guardianship law and rules apply to both guardianships of minors as well as guardianships of incapacitated persons and no change has been suggested with respect to such rules. Because no adjudication of a minor is required by statute, it is contemplated that appointment of a guardian for a minor may be accomplished without a hearing. Initial and annual guardianship reports for minors have been simplified where all assets are on deposit with a designated financial institution under applicable Florida law.

Rule History

1991 Revision: New rule adopted to apply to guardianships over minors who are not incapacitated persons.
1992 Revision: Committee notes revised. Citation form changes in committee notes.
1996 Revision: Committee notes revised.
2000 Revision: Deletes requirement in subdivision (c) to report social security number of proposed guardian.

Statutory References

§ 69.031, Fla. Stat. Designated financial institutions for assets in hands of guard *282 ians, curators, administrators, trustees, receivers, or other officers.
§ 744.3021, Fla. Stat. Guardians of minors.
§ 744.334, Fla. Stat. Petition for appointment of guardian; contents.
§ 744.3371(2), Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.342, Fla. Stat. Minors; guardianship.
§ 744.362, Fla. Stat. Initial guardianship report.
§ 744.363, Fla. Stat. Initial guardianship plan.
§ 744.365, Fla. Stat. Verified inventory.
§ 744.367, Fla. Stat. Duty to file annual guardianship report.
§ 744.3675, Fla. Stat. Annual guardianship plan.
§ 744.3678, Fla. Stat. Annual accounting.
§ 744.3679, Fla. Stat. Simplified accounting procedures in certain cases.

Rule References

Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.541 Recording of hearings.
Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.
Fla. Prob. R. 5.620 Inventory.
Fla. Prob. R. 5.636 Settlement of minors’ claims.
Fla. Prob. R. 5.690 Initial guardianship report.
Rule 5.560. Petition for Appointment of Guardian of an Incapacitated Person
(a)Contents. The petition shall be verified by the petitioner and shall state:
(1) the facts to establish venue;
(2) the petitioner’s residence and post office address;
(3) the name, age, and residence and post office address of the alleged incapacitated person;
(4) the nature of the incapacity, the extent of guardianship, either limited or plenary, requested for the alleged incapacitated person, and the nature and value of property subject to the guardianship;
(5) the names and addresses of the next of kin of the alleged incapacitated person known to the petitioner;
(6) the name, social security-or- tax identification number, and residence and post office address of the proposed guardian, and that the proposed guardian is qualified to serve, or that a willing and qualified guardian has not been located;
(7) the proposed guardian’s relationship to and any previous association with the alleged incapacitated person; and
(8) the reasons why the proposed guardian should be appointed.
(b) Notice. Notice of filing the petition for appointment of guardian may be served as a part of the notice of filing the petition to determine incapacity, but shall be served a reasonable time before the hearing on the petition or other pleading seeking appointment of a guardian.
(c) Service on Public Guardian. If the petitioner requests appointment of the public guardian, a copy of the petition and the notice shall be served on the public guardian.
Committee Notes

Rule History

1975 Revision: Substantially the same as section 744.334, Florida Statutes, expanded to include provisions of section 744.302, Florida Statutes, and section 744.312, Florida Statutes, by reference.
1977 Revision: Change in committee notes to conform to statutory renumbering.
1980 Revision: Implements 1979 amendment to section 744.334, Florida Statutes.
*283 1984 Revision: Combines rule 5.560 and part of prior rule 5.570. Editorial changes and committee notes revised.
1988 Revision: Editorial changes. Committee notes revised. Citation form changes in committee notes. ■
1989 Revision by Ad Hoc Committee: Subdivision (a)(4) of the former rule has been deleted altogether because the date and court of adjudication will probably not be known at the time of filing the petition for the appointment since petition for appointment will henceforth be filed contemporaneously with the petition to determine incapacity.
1991 Revision: Implements 1989 amendments to sections 744.334 and 744.331(1), Florida Statutes, and 1990 technical amendments. Subdivision (c)(1) deleted because rule 5.555(d) addresses service on parents.
1992 Revision: Citation form changes in committee notes.
1996 Revision: Deletes requirement in subdivision (a) to report social security number of alleged incapacitated person. Adds provision to subdivision (b) for notice before hearing when petition is not served simultaneously with petition to determine incapacity.
2000 Revision: Deletes requirement in subdivision (a) to report social security number of proposed guardian.

Statutory References

§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.
§ 744.312, Fla. Stat. Considerations in appointment of guardian.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.334, Fla. Stat. Petition for appointment of guardian; contents.
§ 744.3371(1), Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.341, Fla. Stat. Voluntary guardianship.
§ 744.344, Fla. Stat. Order of appointment.
§ 744.703, Fla. Stat. Office of public guardian; appointment, notification.

Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.
Fla. Prob. R. 5.040 Notice.
Fla. Prob. R. 5.550 Petition to determine incapacity.
Rule 5.705. Petition for Interim Judicial Review
(a) Contents. A petition for interim judicial review shall be verified, state the petitioner’s interest in the proceeding, state with particularity the manner in which the guardian’s action or proposed action does not comply with or exceeds the guardian’s authority under the guardian plan, and state why the action or proposed action of the guardian is not in the best interest of the ward.
(b) Service. The petition shall be served by formal notice.
(c) Hearing. The petitioner or any interested person may set the matter for hearing.
(d) Expedited Proceedings. For good cause shown, the court may shorten the time for response to the formal notice and may set an expedited hearing.
Committee Notes

Rule History

1991 Revision: New rule.
2000 Revision: Subdivision (d) added to permit expedited proceedings.

Statutory Reference

§ 744.3715, Fla. Stat. Petition for interim judicial review.